UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WAYNE ALEXANDER MASON,              )
                                    )
                    Petitioner,     )        Case No. 1:07-CV-215
                                    )
v.                                  )        Honorable Robert Holmes Bell
                                    )
BARRY DAVIS,                        )
                                    )        **MEMORANDUM OPINION**
                    Respondent.     )
_____)

      This matter is before the court on petitioner's objections to the Report and Recommendation of the Magistrate Judge. Petitioner challenges the decision of the Kent County Circuit Court to deny his motion for appointment of appellate counsel as untimely, because the motion was not filed within the forty-two day period provided by Mich. Ct. R. 6.425(G)(1)(c). In his petition and again in his objections, petitioner asserts that the forty-two day time limit in the Michigan Court Rule is unconstitutional under *Halbert v. Michigan*, 545 U.S. 605 (2005), in which the Supreme Court held that the federal Constitution requires appointment of counsel for indigent defendants for purposes of their first appellate challenge to convictions based on pleas of guilty or nolo contendere, even though such review is discretionary under state law. Petitioner does not assert that his motion for appointment of counsel was timely under the Michigan Court Rule. Rather, he asserts that the state is powerless under *Halbert* to place a limit on the time in which an indigent defendant may move for appointment of appellate counsel. This court accords de novo review to

timely objections to the Report and Recommendation of a Magistrate Judge on dispositive matters. FED. R. CIV. P. 72(b).

Petitioner's arguments concerning the scope and import of the *Halbert* decision are not well founded. *Halbert* reviewed the constitutionality of a previous version of the Michigan Court Rules, under which an indigent defendant pleading guilty or nolo contendere did not have an absolute right to counsel to pursue his first-tier discretionary appeal. The Supreme Court held that the Due Process and Equal Protection Clauses of the United States Constitution require the appointment of counsel, even though the first-tier appellate review is discretionary. In response to *Halbert*, the Michigan Supreme Court amended Mich. Ct. R. 6.425 in December 2005. The amended rule guarantees an indigent defendant's right to counsel "if the request is filed within forty-two days after sentencing." Mich. Ct. R. 6.425(G)(1)(c). This rule was in effect when petitioner was convicted. This amendment cured the constitutional deficiency found by the Supreme Court in the *Halbert* decision. Nowhere in *Halbert* did the Supreme Court hold, or even imply, that the states were powerless to establish reasonable deadlines for the exercise of this right or that defendants who file admittedly late motions have a constitutional right to have their late motion granted.

In order to survive initial screening under Habeas Rule 4, a petition must allege facts which, if true, could arguably show a violation of clearly established federal rights as enunciated by decisions of the United States Supreme Court. 28 U.S.C. § 2254(d). Although *Halbert* clearly establishes an indigent's right to counsel for first-tier appellate review, the holding of that case does not affect a state's undisputed right to enact reasonable conditions upon the exercise of that right. To the contrary, the Court has recognized that the states may impose reasonable procedural conditions on the exercise of a defendant's rights, even those rights protected by the Constitution.

-2-

*See, e.g., Taylor v. Illinois*, 484 U.S. 400, 412-13 (1988).  "Even the exercise of constitutional rights may be limited by procedural rules."  *Kennedy v. City of Cleveland*, 797 F.2d 297, 301 n.5 (6th Cir. 1986).  A six-week period for filing a request for appointment of counsel is certainly reasonable, and no holding of the Supreme Court suggests otherwise.  Indeed, a criminal defendant wishing to appeal his conviction in the federal system must act within ten days, see Fed. R. App. P. 4(b)(1)(A), and the Court has never intimated that this period, which is far stricter than the forty-two days afforded by the State of Michigan, abridges constitutional rights.

Upon de novo review of petitioner's objections, the court concludes that his petition fails to state a claim for habeas corpus relief.  An order will therefore be entered summarily dismissing the petition pursuant to Rule 4 of the Habeas Corpus Rules.

Dated:   May 30, 2007          /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               CHIEF UNITED STATES DISTRICT JUDGE